NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| SKYHAWKE TECHNOLOGIES, LLC, et al., | Case No. 8:19-cv-1692-GW-PLA |
|---|---|
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | Date: March 4, 2021 |
| DECA INTERNATIONAL CORP., et al., | Judge: Honorable George H. Wu |
| Defendant. | |

Pursuant to Rule 26(c), Fed. R. Civ. P., Plaintiffs SkyHawke Technologies, LLC and SkyHawke Licensing LLC ("SkyHawke") and Defendants GolfzonDECA, Inc., DECA International Corp. ("DECA"), and through their respective counsel of record, hereby stipulate and agree, subject to the approval of the Court, to the following procedures to be used in this action for the protection of the parties against the improper disclosure or use of confidential information produced in discovery or filed with this Court:

**1. Scope of Protective Order.** This Order shall apply to all information, documents, things, responses to discovery, and testimony produced or within the scope of discovery in this litigation, including, without limitation, all documents or things produced in response to requests for the production of documents and things or subpoenas, answers to interrogatories, responses to requests for admission, testimony adduced at depositions and upon written questions, all other discovery taken pursuant to the Federal Rules of Civil Procedure, and any other information furnished, directly or indirectly, by or on behalf of any party to this litigation or any non-party. The party or non-party producing such information is referred to

both in the singular and in the plural hereafter as the "producing party," and any party receiving such information is referred to hereafter as the "receiving party."

**2. Definitions: Documents.** As used herein, the words "document" and "documents" include documents or electronically stored information, including writings, transcripts, drawings, graphs, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation into a reasonably usable form.

**3. Definitions: Filings.** As used herein, the terms "filing" and "filings" include any brief, memorandum, or other writing filed with the Court or served upon a party in connection with this litigation, including any interrogatory answer, response to a request for admission, or any exhibit thereto.

**4. Confidential Information.** A document, filing, response to written interrogatory or request for admission, or testimony of a party, third party or witness affiliated with a party may be designated by a party as "confidential" if, in the discretion of the producing or testifying entity, it is determined in good faith to contain non-public information of a competitively sensitive, proprietary, financial, technical, or trade secret nature, or involving privacy interests of employees. If a document is independently obtained from a third party, and not subject to an agreement of confidentiality, such document need not be treated as "confidential" by any party. Any document or information produced by one party to another party prior to this litigation is to be designated and treated as "confidential" if that document or information was previously produced under a previous confidentiality agreement or previous protective order. To facilitate the use of discoverable non-confidential information and to lessen administrative burdens, a "confidential" designation shall be used selectively and in good faith. Material designated as "confidential" may be disclosed and used only as set forth in paragraph 14, below.

**5. Highly Confidential Information.**  The parties recognize that during the course of this litigation some information requested for production or disclosure may be of such a highly confidential nature that it will require greater protection.  Such "highly confidential" material may include certain highly sensitive commercial, technical, trade secret, and financial information that is of technical or competitive advantage to its possessor.  Material designated as "highly confidential" information is of such a sensitive and proprietary nature that disclosure must be protected, strictly limited, and used only as set forth in paragraph 15 below.  It is understood that the "highly confidential" designation is to be used in good faith.

**6. Designation of Confidential and Highly Confidential Information.**  (a) With respect to documents produced by a party, a "confidential" or "highly confidential" designation shall be made by the party producing the document, at the time of production or as may be agreed to by the parties, by marking the document as "confidential" or as "highly confidential."  Any response to written interrogatories or requests for admission or any portion thereof that constitutes or contains "confidential" or "highly confidential" information shall be labeled or marked with the appropriate legend by the party providing the response.  With respect to deposition testimony, at the time of the deposition examination or within 30 days of receipt of the transcript, parties and deponents may designate all or portions of the testimony and exhibits to the deposition as "confidential" or "highly confidential."  Documents that are used as exhibits already designated as "confidential" or "highly confidential" shall continue to be handled in accordance with that level of confidentiality.  Post-deposition designation shall be specific by page and exhibit.  Until expiration of the 30-day designation period unless otherwise agreed by the parties, the entire transcript with exhibits shall be treated as if it had been designated "highly confidential" in its entirety unless otherwise

agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(b) With respect to all materials provided for inspection by a party's counsel, designation by stamping or labeling need not be made until copies of the materials are requested after inspection and selection by counsel. Making documents and things available for inspection shall not constitute a waiver of any claim of confidentiality, and all materials provided for inspection by a party's counsel shall be treated as though designated "highly confidential" at the time of the inspection.

(c) Counsel for a party producing documents may redact material deemed exempt from discovery because (i) it is protected from disclosure under the attorney-client privilege or work product immunity afforded by Rule 26(b), Fed. R. Civ. P., and such privilege or immunity has not been waived, or (ii) it is not responsive to a discovery request. However, any document from which material is redacted must identify in the redacted area that redaction has occurred. The reason for such redaction must be stated either on the document itself or on a log after the production of the documents. The parties reserve the right to pursue additional categories for redaction, by either consent of the parties or order of the Court, to be addressed on a case-by-case basis.

**7. Filing Documents with the Court.** If any designated "confidential" or "highly confidential" information is used or if there is any reference to, quotation from, or attachment of documents or deposition testimony or exhibits designated "confidential" or "highly confidential" in any pleadings, briefs, declarations, exhibits and other filings, such document must be filed conventionally, and accompanied by a motion requesting filing under seal in compliance with C.D. Cal. L.R. 5-4.2(b)(3) and the instructions "Preparing Sealed Documents for Filing" located under Filing Procedures on the Court's website; **good cause must be shown for the under seal filing**.

**8. Duty to Protect Confidential and Highly Confidential Information.** When a party has designated documents, discovery responses, or testimony as "confidential" or "highly confidential," and when a party's pleading or document has been filed under seal pursuant to paragraph 7, the other party must protect the confidential status of the designated documents, testimony, or filing. Accordingly, when one party has made a "confidential" or "highly confidential" designation or filed material under seal, the other party shall submit its own brief and other papers under the procedures of Section 7 of this Order, if such papers refer to, quote from, or attach the designated documents, testimony, or filed material. When one parties' pleading or document has been filed under seal, the other party shall treat its service copy as "confidential" or "highly confidential," as appropriate, and non-public.

**9. Non-Party Information.** It is expressly contemplated, agreed, and ordered that third parties (including witnesses) who provide discovery in this action may invoke all provisions of this Protective Order as to that discovery, and that the parties to this Order will treat all material designated by such third parties as "confidential" or "highly confidential" in accordance with the terms of this Protective Order.

**10. Inadvertent Disclosure of Privileged or Work Product Information.** In accordance with Federal Rule of Evidence 502, the parties hereby agree and the Court hereby orders that if a party through inadvertence produces or provides discovery that it believes is subject to a claim of attorney-client privilege or work product immunity, upon discovering such inadvertence, the producing party shall promptly give written notice to the receiving party or parties that the document is subject to a claim of attorney-client privilege or work product immunity and request that the document be returned to the producing party. The receiving party or parties shall immediately return to the producing party such document and destroy any copies or summaries of, or notes relating to, any such inadvertently

produced information. Return of the document by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose any party from moving the Court for an Order that such document has been improperly designated or should be produced for other reasons than a waiver caused by the inadvertent production. The producing party shall retain copies of all returned documents and tangible things, and if such a motion is filed by the receiving party, shall upon request provide copies to the Court of said materials. The party claiming privilege or work product protection shall have the burden of proving that such privilege or work product protection exists. Notwithstanding the above, recognizing the need for the parties to prepare their cases based on the discovery that is produced, if any information, document, or tangible thing is used or referenced in a court hearing, deposition, motion, expert report, or pretrial order, or is otherwise used openly in the case, any claim of inadvertent production must be made within five (5) business days after such use.

**11. <u>Inadvertent Failure to Designate</u>.** If a party through inadvertence produces or provides discovery of any "confidential" or "highly confidential" document, testimony or information without labeling or marking it with the appropriate legend as provided in this Protective Order or without designating it "confidential" or "highly confidential" as provided in paragraphs 4, 5, and 6 of this Protective Order, upon discovering such inadvertence, the producing party shall give written notice to the receiving party or parties that the document or other information, response, or testimony is confidential and should be treated in accordance with the provisions of this Protective Order. The receiving party or parties must treat such documents, responses, testimony, and information as designated from the date that such notice is received. Disclosure of such documents, responses, testimony or information, prior to receipt of such notice to

persons not authorized to receive "confidential" or "highly confidential" information shall not be deemed a violation of this Protective Order; however, those persons to whom disclosure was made are to be advised that the material disclosed is "confidential" or "highly confidential" and must be treated in accordance with this Protective Order.

**12. Challenge to Designations.** Nothing in this Order shall be construed to prevent any party from objecting to any "confidential" or "highly confidential" designation as outside the scope of this Order under Fed. R. Civ. P. 26(c). The objecting party shall seek to reach agreement with the designating party to withdraw the confidential designation; if agreement cannot be reached between counsel, a written motion may be made to this Court for an Order removing the designation from specified documents, testimony or filing. **Local Rule 37 shall apply to any such motion.**

**13. Disclosure and Use of Confidential and Highly Confidential Information.** Any documents or information designated as "confidential" or "highly confidential" and any filing made under seal to which an objection has been made shall not be disclosed in any manner inconsistent with this Order until such matter has been resolved by agreement of the parties or ruled on by the Court.

**14. Disclosure of "Confidential" Information.** Documents, responses, testimony, or other material and information designated as "confidential" and filings made under seal with such material may be inspected by and disclosed only to the following persons and only for the purpose of conducting this litigation:

(a) *Litigation Counsel.* Outside counsel for any party in this litigation, and employees of such counsel required to work on the case, provided that the parties identify the counsel, individually and by law firm, who are not of record and who shall have access to information protected by this Order. However, by listing said counsel below, the parties are in no way foregoing their rights to add, delete or supplement counsel if and when desired. If counsel are added, deleted and/or

supplemented, the party adding, deleting or supplementing will notify the other party, in writing, within five (5) days of such a change:

    (i) <u>Counsel for SkyHawke</u>:
      Franklin Rosenblatt
      Kunal Jain
      Jack Olivo

    (ii) <u>Counsel for DECA</u>
      Andrew Y. Choung
      Erica J. Van Loon
      Joshua J. Pollack

  (b) *Experts*. Any expert or consultant, and employees thereof, retained by or at the request of counsel described in paragraph 14(a) to consult on or testify in the prosecution or defense of this litigation other than an employee of a party on the condition that notice be given ten (10) business days in advance to opposing counsel of the identity of the expert or consultant as specified in paragraph 17 below; if objection to disclosure is made, the parties shall attempt to resolve informally the objection before the party proposing disclosure seeks relief from the Court. Nothing designated under paragraphs 4, 5, and 6 above, may be disclosed to any expert or consultant until objections are resolved.

  (c) *The Court.* The Court and any of its personnel;

  (d) *In-House Personnel.* The in-house persons for each party, and agents thereof, identified below:

    (i) for SkyHawke: Robert L. Spell

    (ii) for DECA:

  (e) *Legal Support Personnel.* Persons who provide professional foreign language translation services, reporters, outside copying and computer services necessary for document handling, and other litigation support personnel (*e.g.*, graphic designers and animators) and who are not employed by the parties, or any

8
STIPULATED PROTECTIVE ORDER
CASE NO. 2:07-CV-3106 SJO (AJWX)

57829361.v1

direct competitor of the parties, including their administrative assistants, secretaries, and other members of the clerical and administrative staffs.

**15. Disclosure of "Highly Confidential" Information.** Documents, responses, testimony or other material and information designated as "highly confidential" and filings made under seal with such material may be inspected by and disclosed only to the persons identified in paragraphs 14(a), 14(b), 14(c), and 14(e), and only for purposes of conducting this litigation.

**16. Depositions.** Attendees at depositions at which confidential testimony or information is given or confidential exhibits are discussed shall be limited during disclosure to those entitled to disclosure under this Order.

**17. Acknowledgement of the Order.** Any person who makes any disclosure in confidence under this Order of "confidential" or "highly confidential" documents, responses, testimony, information, or filings made under seal, shall advise each person to whom such disclosure is made of the terms of this Order. The persons described in paragraph 14(d) above are enjoined from disclosing "confidential" documents and information to any other person except in conformance with this Order and must execute an acknowledgement of this Order and an agreement to be bound by such order in the form attached hereto as Appendix A. The persons described in paragraphs 14(b) and 14(e) above are enjoined from disclosing "confidential" and/or "highly confidential" documents and information to any other person except in conformance with this Order and must execute an acknowledgement of this Order and an agreement to be bound by such order in the form attached hereto as Appendix A. A copy of the agreement executed by the persons described in paragraph 14(b) above shall be provided to opposing counsel within two business days after obtaining the signed agreement along with a curriculum vitae of the person signing the agreement by electronic mail, which shall include an identification of all such person's past and present employment and/or consulting relationships. No material designated as

"confidential" or "highly confidential" by an opposing or third party shall be disclosed to such person described in paragraph 14(b) until after expiration of the ten (10) day period referred to above, provided however, that if during that ten (10) day period counsel receives from opposing counsel an objection to such disclosure, there shall be no disclosure to such expert except by further Order of this Court or subsequent agreement between the parties. A copy of the agreement executed by the persons described in paragraphs 14(d) and 14(e) above shall be provided to opposing counsel within two business days after obtaining the signed agreement.

**18. No Limitation on Parties' Rights.** Nothing contained in this Order shall be construed to limit any party's rights to use, in taking depositions or in briefs or in any pre-trial proceeding in this litigation, any "confidential" or "highly confidential" document, testimony, information, or any filing made under seal; provided, however, that any "confidential" or "highly confidential" document, testimony, information, and any sealed filing so used shall not lose its confidentiality status through such use and its confidentiality status shall be protected in conformance with this Order. Any party may request that the Court receive designated evidence in camera or under other conditions to prevent disclosure.

**19. Use at Trial.** Nothing herein shall be construed to affect or limit in any way the use or admissibility of any document, testimony or other evidence at trial. However, documents admitted at trial that had previously been marked as either "confidential" or "highly confidential" will retain their confidentiality status even after they are used at trial, and the Court, upon motion of one or more of the parties, may maintain any such documents under seal after the trial and not make them available to the public.

**20. Consent to Remove or Modify Designation.** Any party who has designated any document or testimony as "confidential" or "highly confidential" pursuant to this Order, or who has made a filing under seal, may consent that the

confidentiality status of such document, testimony, or filing be removed or modified by written notification to opposing counsel or by statements on the record at any hearing or deposition.  These shall be the only methods by which such consent may be manifested.

**21. Other Proceedings.**  Nothing herein shall prohibit the confidential disclosure of any "confidential" or "highly confidential" information to comply with a Court Order in an action involving the same subject matter as the present action wherein the Order specifically directs the disclosure of such information.  Prior to any such disclosure pursuant to a Court Order, the party required by the Court Order to disclose the information shall provide ten days notice to the party who produced the confidential information and shall identify and provide copies of the confidential or highly confidential information to the party who produced such information.

**22. Limitations as to Producing Party, Authors, or Recipients.**  Nothing herein shall prevent disclosure of any "confidential" or "highly confidential" documents (a) by the producing party to any employee or officer of the producing party, or (b) by a party to any person, no longer affiliated with a party, who either authored such documents, in whole or in part, or received the "confidential" or "highly confidential" documents independently of this litigation.

**23. Conclusion of Litigation.**  At the conclusion of this litigation, litigation counsel may retain copies of the pleadings, and may retain documents, things, copies, and samples to the extent they include or reflect receiving attorney's work product and may retain one file copy of all materials produced in this litigation.  The obligation on such counsel to maintain the confidentiality of materials designated as "confidential" and "highly confidential" under this Order shall continue until the producing party agrees otherwise in writing or a Court order otherwise directs.  Within sixty (60) days after the final disposition of this litigation, all other copies of "confidential" and "highly confidential" documents

produced by any party shall be returned by counsel of record to the party that produced the documents, with a certification that all such material has been returned or, alternatively, counsel of record may submit a certification that all such material has been destroyed.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**24. Modification.**  Nothing herein shall prevent any party, on notice to all other parties, from applying to the Court for a higher level of protection for any particular document or information.  Nor shall anything herein prevent any party, on notice to all other parties, from applying to the Court for a modification of this Order.

**25. Legal Advice.**  Nothing in this Order shall be understood to prevent legal counsel from complying with the ethical obligation to advise his/her client with respect to this case and, without disclosing another party's "confidential" or "highly confidential" information (except as permitted under this Order), rendering legal advice that may rest in a general way upon legal counsel's review of "confidential" or "highly confidential" material.

SO ORDERED this the 4th day of March, 2021.

*Paul L. Abrams*
_____
Hon. Paul L. Abrams
United States Magistrate Judge

AGREED AND APPROVED:

/s/ Franklin D. Rosenblatt

Franklin D. Rosenblatt (*pro hac vice*)
BUTLER SNOW LLP
1020 Highland Colony Pkwy
Ridgeland, MS 39157
T: 601-985-4494
F: 601-985-4500
Franklin.rosenblatt@butlersnow.com

Kunal Jain, SBN 266642
JAIN LAW OFFICES, P.C.
10866 Wilshire Blvd.,
STE 400-#777
Los Angeles, California 90024
T: 310-957-2214
F: 424-313-7123
Kunal@jainlawoffices.com

*Attorneys for Plaintiffs SkyHawke Technologies, LLC and SkyHawke Licensing, LLC*


 /s/ Erica J. Van Loon

ANDREW Y. CHOUNG
State Bar No. 203192
ERICA J. VAN LOON
State Bar No. 227712
JOSHUA J. POLLACK
State Bar No. 215922
LATHROP GPM LLP
2049 Century Park East Suite 3500S
Los Angeles, CA 90067
Telephone: (310) 789-4600
Facsimile: (310) 789-4601
andrew.choung@lathropgpm.com
erica.vanloon@lathropgpm.com
joshua.pollack@LathropGPM.com

*Attorneys for Defendants DECA International Corp. and GolfzonDECA*

# APPENDIX A

# AGREEMENT REGARDING PROTECTIVE ORDER

1. I understand that I will be receiving information in connection with the lawsuit entitled SkyHawke Technologies, LLC et al. v. DECA International Corp. et al., Case No. 8:19-cv-01692-GW-PLA pending in the United States District Court for the Central District of California.

2. I am aware that a Protective Order dated _____ has been entered in this case. I have been provided with a copy of that Order and I have read and understand the prohibitions of the Order.

3. I agree to be bound by the terms of the Protective Order.

Dated: _____, 202_.

                                                Respectfully submitted,

                                                _____

                                                [Name]

                                                _____

                                                [Signature]

                                                Telephone:

                                                Facsimile:

                                                E-mail:

57829361.v1